**REIBOLD v EVANS et**

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1583. Decided Feb. 8, 1940.

J. D. Chamberlain, Dayton, for defendants-appellants.

Smith, Schnacke & Compton, Dayton, for plaintiff-appellees.

## OPINION

By GEIGER, J.

This matter had its inception in the Probate Court of Montgomery County wherein a petition was filed on April 3, 1935 by Winifred Reibold v J. Corlis Evans, et al and The Winters National Bank as administrator de bonis non c. t. a. of Louis S. Reibold, deceased, and trustee under said will.

It is alleged on the 11th day of June, 1924, Louis S. Reibold died leaving a last will and testament and codicil probated on the 23rd day of June, 1924. A copy of the will is incorporated, the portion pertinent to the present issue being Item Fifth.

At the time of his death, Louis S. Reibold was the fee simple owner of the undivided one-fourth interest with the right to receive the income therefrom until the termination of the trust created by his uncle and that upon the termination of said trust, said premises passed to him as owner in fee simple of the undivided one-fourth interest; that said premises are now being held by the defendant, The Winters National Bank & Trust Company as administrator, etc., and as trustee under Item Fifth of said will.

It is stated that under the provisions of the will of Louis S. Reibold, the plaintiff Winifred Reibold, his widow, is entitled to receive from the administrator and trustee the entire net income from said trust property during her natural life or while she remains the widow of Louis S. Reibold; further allegations are made in consonance with the provisions of the will as to final disposition of the property upon the death of the widow or her re-marriage; that ever since the death of Louis S. Reibold, certain sums have been expended for special assessments against said premises which are known as the Miami Conservancy taxes or assessments; said assessments being levied to cover the cost of flood protection to property in Montgomery County and other properties in the Miami River Valley of Ohio; that the payments of said special assessments have been made out of the income arising from said premises, thus reducing the income payable to plaintiff from said undivided one-fourth interest to which she is entitled and that no portion thereof has been paid out of the corpus of said premises or estate. A schedule is set up showing the amounts of said special assessments from the year 1924 to 1934, aggregating $159,860.79, the same being for the entire premises, one-fourth being assessed and paid on account of the undivided one-fourth interest in which the widow has a life estate and a right to receive the entire net income during her life.

It is asserted that certain portions of the special assessments are properly chargeable to interest and certain portions to income by reason of a portion of each assessment being for amortization of the principal of the cost of the flood prevention improvements and a certain portion being for the payment of interest on the bonds and another portion being for maintenance cost of

said flood prevention improvements; that the legal division of each of said special assessments as between principal, interest and maintenance are as set up in a schedule and including the first half of the year 1934, totaling $45,796.28 for principal and $114,064.51 for interest, the same being for the entire premises in which the plaintiff has the undivided one-fourth interest for life; that one-fourth of each of the items were paid out of the income to which she is entitled; that there has been paid out of the income to which she is entitled one-fourth of the total of $45,796.00 or $11,449.00 and that the corpus of the estate has been thus benefited and improved at the expense of the plaintiff in that amount and that if further payments of assessments are paid out of the income, similar benefits to the corpus of the property will be made at the expense of the plaintiff out of the income to which she is entitled.

It is alleged that under the provisions of §3894 GC, when any special assessment is made on real estate subject to a life estate, such assessment shall be payable by the tenant for life, but that upon application of the life tenant to a court of competent jurisdiction the court may apportion the cost of such assessment between the life tenant and the owner in fee in proportion to the relative value of the improvement of their estate to be ascertained on the principles of equity.

· Plaintiff prays that the court shall aportion the assessments between herself as life tenant entitled to receive the entire net income during her life and those entitled to the corpus in accordance with the benefits conferred by such special assessments to the respective interests of all parties and that the court direct that the plaintiff be reimbursed with interest for such portion of said. assessments as have been paid in the past or which may be paid in the future out of the income and which portions were properly chargeable to principal.

At a later date a supplemental petition was filed pleading certain matters occurring since the filing of the original petition with appropriate prayer.

The Winters National Bank & Trust Company, administrator d. b. n. c. t. a. and trustee of the will filed a supplemental answer admitting certain matters and denying others and for cross-petition states that it can not safely proceed with the administration of the will without the direction of the court and prays the judgment and direction of the court in regard to the matters set forth in the petition.

The cause came on for hearing and the court found that the facts alleged in the petition and supplemental petition are true, with a single exception not of consequence; that at the time of the death of her husband, Winifred Reibold was forty-one years of age; that it was the purpose of the testator to make his wife, Winifred, the primary object of his bounty and that as between her rights and those of the remaindermen, with respect to the income from the trust provided by Item Fifth, said testator intended his widow to be favored to the end that she should receive the entire net income to the fullest extent permissible under the will. The court finds that between the date of the death of Louis Reibold and the date of the trial on July 19, 1938 (the entry being filed July 1, 1939) there had been paid from funds which would otherwise have been payable to the plaintiff, Winifred Reibold, the total sum of $52,632.97 for special assessments on account of the Conservancy assessments; that said sum constitutes one-fourth of $210,531.89 of the Conservancy assessments on the entire property; that said assessments are special assessments for permanent improvements and are not "taxes" as used by the testator Louis S. Reibold in his will; that of the $52,632.97 so paid applicable to the one-fourth interest, $2,906.82 was for maintenance cost which is a current expense to be borne in its entirety by the plaintiff as the beneficiary en-

titled to receive the net income during her life and the remainder, $49,726.15 was for permanent improvements exclusive of said maintenance cost and that said sum should be apportioned between the plaintiff, Winifred Reibold, and the interests in remainder in the same proportion that the value of the life interest of Winifred Reibold as of the date of the testator's death bears to the value of the said interest in remainder as of the same date, computing such value of the life interest on a 5% basis and upon the age of 41; the court finds that on the basis of such computation Winifred Reibold should bear 67.72% of said sum of $49,726.15 or $33,674.55 and that the interest in remainder should bear 32.28% or $16,-051.60 and that by reason of the fact that said sum apportionable to the remainder estate was paid out of the fund that should have been paid to Winifred Reibold as income, she is subrogated to all the rights of the public authority which imposed said assessments and is entitled to be paid out of the corpus of said estate in the hands of the defendant, Winters National Bank as administrator and as trustee the sum of $16,051.60 with interest until paid; that she is entitled to be reimbursed out of the corpus of said estate for 32.28% of the one-fourth of all the Miami Conservancy assessments excluding the portion thereof consisting of maintenance charges which have or may hereafter accrue against the entire Reibold property continuing until the termination of the life estate.

The Court decreed,

(1) That the plaintiff is entitled to be paid out of the corpus $16,051.60 with interest until paid and that she is given a lien against the corpus of the estate following her life interest in the one-fourth interest in fee simple of the estate to secure the repayment to her of said principal sum with interest.

(2) That plaintiff is entitled to be repaid out of the corpus 32.28% of one-fourth part of all said further amounts as have been paid for the assessments on the entire property, exclusive of that portion representing maintenance,

granting her the same lien as provided in Paragraph 1.

(3) That the Bank and Trust Company as administrator, etc., is directed to pay to Winifred Reibold, in partial satisfaction such amounts as shall be hereafter ordered by the Court to be paid out of the corpus of the estate, same to be credited in partial discharge of the liens.

(4) In order to prevent loss, it is ordered that the plaintiff may not foreclose or otherwise enforce said lien until such time as the widow dies or remarries after which time such liens may be foreclosed.

(6) That the will of Louis S. Reibold be construed in accordance with the findings and order of the Court and that the defendant, the Bank, as administrator, etc., shall proceed to administer the trust in accordance with such findings.

Exceptions are reserved by all parties.

A motion was made for rehearing by the defendants, Edwin T., Susanna Louise and Margery Virginia Reibold, and the guardian of the latter, which was overruled by the Court. (The Winters National Bank & Trust Company is not included in this entry.)

Within time the parties last named gave notice of their appeal to the Court of Appeals from the final judgment of the Court of Probate and also the final order of the Probate Court in overruling the motion of said defendants above named for $a_0$ rehearing, "said appeal shall be taken on all questions of law and on all questions of law and fact".

An entry was filed fixing the bond, which recites,

"* * * it is hereby ordered that said defendants, appellants, execute a supersedeas bond payable to appellee herein, Winifred Reibold, conditioned, etc."

While the docket and journal entries are not presented in the usual form, yet all are included and properly certified.

Bond was given in accordance with the decree of the court.

On the 26th of August, 1939, a bill of exceptions, certified by the court as containing all the testimony offered at said trial was allowed, signed and sealed as a true record in this case and filed in this court.

### MOTION TO DISMISS APPEAL

A motion was thereafter filed by Winifred to dismiss the appeal on the following grounds:

(1) The Winters National Bank Company of Dayton was administrator d. b. n. and as trustee is a necessary party to any appeal from the probate court and it has not been made a party to the appeal.

(2) The Bank as administrator and trustee is the only party which could prosecute an appeal from the decree of the court.

(3) That the notice of appeal is defective in that it does not designate whether the appeal is one on questions of law or questions of law and fact as required by §12223-5 GC.

(4) The appeal is not perfected as one on questions of law and fact for the reason

(a) Any such appeal must be taken to the Common Pleas Court as required by §12223-3 GC in the form that said Section existed at the time of the commencement of the action in Probate Court in 1935.

(b) No bond was given to the Winters National Bank as the administrator and trustee.

(5) The appeal is not perfected as one on questions of law as the bill of exceptions has not been perfected as required by law.

Counsel have filed their memorandum, addressed to the first and second grounds, above enumerated, asserting that the suit is one to require the trustee to so administer the trust as to give to the life tenant the net income and to require the trustee to so handle its income and that the judgment therefor operates directly and solely against the trustee, the interest in the remainder being contingent and that the title to and the control over the trust property is vested solely in the trustee who is bound by the order of the Probate Court. It is urged that the trustee is not prosecuting any appeal but has not been made a party and that the order of the Court was that the bond be executed to Winifred Reibold instead of to the Bank, and further that no notice of the filing of a bill of exceptions was given to the trustee as required by §11565.

As to the first matters, we are of the opinion that while the action was against the Bank as administrator and trustee, that the remaindermen were real parties in interest and that the order of the court was one effecting their substantial rights.

**Sec. 12223-15 GC** provides that when the interest of a party is separate and distinct from that of any others and such party desires to appeal, it shall be so allowed.

We are of the opinion that the parties who did give notice of appeal have such an interest as to entitle them to bring the matter before the court for review.

As to the complaint that no notice of the filing of the bill of exceptions was given to the trustee as an an adverse party as provided by §11565 GC, that section provides that the clerk shall notify the adverse party. We find that the trial court has certified that the bill submitted has been corrected, allowed, signed and sealed, etc. It is true the certificate does not state that the clerk notified the adverse party, if the bank is to be regarded as an adverse party, but it is fair to assume that all was done that was required in order to perfect the bill. The omission, if any, was that of the clerk and not of the parties.

In support of the 3rd, 4th and 5th grounds, it is pointed out that the notice of appeal was given on the question of law and of law and fact, which, it is asserted is inconsistent. The ob-

jection is lodged against the form of notice. A party may give notice of an appeal on law or on law ▮▮▮▮▮ ▮ and fact or on both as he may deem necessary to protect his interests. The appeal shall be deemed perfected when the notice has been filed. Appeals on question of law and fact may be taken and whenever an appeal on questions of law and fact is taken in a case where it is determined that the appellant is not permitted to retry the facts, the appeal shall not be dismissed but shall stand for hearing on appeal on questions of law. §12223-22, §11564 GC.

We are of the opinion that the notice given of appeal on the two ▮▮▮▮▮ ▮ grounds in no way deprives the appellant of a right to perfect such appeal as he may desire. It may often happen that the appellant is in doubt as to whether his case below is a chancery case or one at law and as a precaution gives notice of appeal on both grounds. Even though he does not do this he may always appeal on questions of law whether the case is one at law or in chancery and even though he may be mistaken as to which it is, it still remains as an appeal on questions of law.

There is filed in this case, within proper time, a duly authenticated bill of exceptions presenting all the evidence submitted by the court below and the case is now heard by us as an appeal on question of law. It is claimed that if the action below was a chancery case that §12223-3 GC, effective January 1, 1936, provides that appeal from the judgment of the Probate Court upon questions of law and fact shall be taken in the manner provided by §§10501-56 to 10501-61 GC, to the effect that all such appeals shall be taken solely to the Common Pleas Court. Sec. 10501-62 GC has been held unconstitutional on the ground that it was not of uniform operation throughout the State. Squire, Supt. v Bates, 132 Oh St 161.

Sec. 12223-3 GC was amended, effective June 26, 1939, eliminating the exception limiting the appeal to the Court of Common Pleas. It is claimed that in view of the provisions of §26 GC in reference to amendments where it is provided that the same shall not apply to pending actions unless otherwise expressly provided, which is not done in the amendment and that therefore the appeal must be as provided prior to the 1939 amendment and that therefore any appeal on questions of law and fact must first be taken to the Court of Common Pleas. It is asserted that the case can not stand as a chancery appeal because it is addressed to the wrong appellate court and it can not stand as an error proceeding because the trustee is not a party and the notice is defective, etc. and that the bill of exceptions is not properly filed.

We think a sufficient answer to this is that the case was not appealed as one on law and fact but as one on law only and therefore could be directly appealed from the Probate Court to the Court of Appeals even before the amendment of §12223-3.

Sec. 26 GC alluded to provides that when a statute is repealed, such repeal shall in no manner effect pending actions and when the repeal relates to the remedy it shall not effect pending actions unless so expressed, nor effect causes of action unless so expressed. If the appeal is on questions of law, it was a cause of action governed by the law in force at the time of the rendition of the judgment. The judgment appealed from was journalized as shown by the file marks on July 1, 1939, after the effective date of the amendment to §12223-3 GC effective June 26, 1939. See In re Estate Wurnett, 61 Oh Ap 304, at p. 308, et seq., where a motion to dismiss similar to the one at bar is under discussion.

Motion to dismiss overruled.

Considering the matter at issue. we find the opinion of the trial court in the case of Reibold v Evans reported in 13 OO 409, 28 Abs 266. The case is so well considered and is in such harmony with our own views of this matter that to repeat what is there said or to comment further upon it would be a useless task.

The opinion of the court is detailed and consistent and well supported by authorities upon which we have checked and we therefore refrain from further discussion of the matter covered by the opinion.

It will be noted that the opinion ends with the discussion of the proper allocation of attorneys' fees and does not in detail take up the discussion of how the court arrived at the apportionment between the life tenant and the remaindermen to the effect that Winifred Reibold should bear 67.72% of the sum then under discussion and that the interests in remainder should bear 32.28%. We find in the bill of exceptions a letter dated January 28, 1939 from the judge to the superintendent of insurance, stating that in pursuance to the provisions of §5342 GC request is made that the superintendent determine the value of the life estate of a person 41 years of age in property having an appraised value of $500,000 for the entire fee simple estate. To this the superintendent replied, under date of January 31, 1939,

"We find that the life estate of a person 41 years of age on $500,000 of appraised property produces $338,607.50. This is based upon the American Insurance Table of Mortality with interest assumption of 5%."

This method of apportionment seems to be authorized by the decisions which consider the apportionment between a life tenant and the remaindermen. We are by no means sure that the method pursued did not impose upon Mrs. Reibold a greater burden than she was required to bear. However, she has accepted the judgment of the court below upon this point and has filed no cross appeal. We therefore take the court's apportionment as correct and final.

Since the filing of the original briefs, we have had communications from counsel for both sides. Under date of January 15, 1940, counsel for the appellants call attention to the fact that under the terms of the will, Winifred Reibold did not take a life estate, the property being divised to the Winters National Bank in trust with the further provision that at the expiration of the trust, the bank should convey the one-fourth interest to the testator's residuary devisees.

An appropriate reply, under date of January 23, 1940, was filed.

We are of the opinion that even though technically Mrs. Reibold may not have had a life estate, yet her interest was that of a life tenant, although the burden was placed upon the bank to conserve and manage the property.

We are of the opinion that the same rule would apply as would be applicable to life tenancy.

Judgment of the court below affirmed.

HORNBECK, PJ. & BARNES, J., concur.